UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENT G. STANNARD, | ) Case No.: 3:14-cv-657 (TJM/DEP) |
| Plaintiff, | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| COLLECTION TECHNOLOGY, INC. d/b/a CTI, | ) |
| Defendant. | ) |

## COMPLAINT

KENT G. STANNARD ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COLLECTION TECHNOLOGY, INC. d/b/a CTI (collectively referred to as "Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New York and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Johnson City, New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 1200 Corporate Center Drive, Suite 325, Monterey Park, California, 91754

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff related to a student loan.

11. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

12. Upon information and belief, the alleged debt was originally owed to Sallie Mae and Florida Department of Education—Office of Financial Aid. These organizations are student loan providers.

13. Throughout May 2014, Defendant's collectors, including Victoria Clark and

"Sineon" (phonetic), placed repeated harassing telephone calls to Plaintiff's cellular telephone from numbers including, but not limited to 800-620-4284.

14. During these calls Defendant's collectors threatened to garnish Plaintiff's wages and misrepresented that they were federal employees.

15. Upon information and belief, Defendant is not a federal agency, its employees do not work for the Federal government, and Defendant did not intend to garnish Plaintiff's wages.

16. Plaintiff told Defendant to stop calling and to send him something in writing concerning the debt.

17. However, Defendant continued to call despite Plaintiff' request that it stop.

18. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Further, Defendant never sent anything to Plaintiff in writing regarding the debt.

20. Defendant's actions as described herein were made with the intent to coerce, abuse, and deceive Plaintiff into paying the alleged debts.

**COUNT I**
**DEFENDANTS VIOLATED § 1692c(a)(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

21. Section 1692c(a)(1) prohibits a debt collect from communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location.

22. Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiff after it had notice that she did not want to receive its telephone calls.

## COUNT II
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly and continuously, when it threatened to garnish Plaintiff's wages, when it misrepresented that it and was affiliated with the federal government, and when it engaged in other harassing or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED §§ 1692e and 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

27. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

28. Defendant violated §§ 1692e and 1692e(10) of the FDCPA, when it misrepresented that it was affiliated with the United States government, when it threatened action

that it did intent to take, and when it made other false, deceptive or misleading representations.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692e(1) of the FDCPA prohibits debt collectors from misrepresenting or implying that they are affiliated with the United States government.

30. Defendant violated § 1692e(1) of the FDCPA when its collectors misrepresented that it was affiliated with the federal government.

## COUNT V
## DEFENDANT VIOLATED §§1692e(4) and 1692e(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692e(4) of the FDCPA prohibits debt collectors from representing or implying that nonpayment will result in garnishment unless such action is lawful and the debt collector intends to take such action.

32. Section 1692e(5) of the FDCPA prohibits debt collectors from misrepresenting that they will take legal action when they lack intent or ability to do so.

33. Defendant violated §§ 1692e(4) and 1692e(5) of the FDCPA when it misrepresented that it would garnish Plaintiff's wages without the intent to take such action.

## COUNT VI
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

34. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

35.     Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it indicated it would garnish Plaintiff's wages without the intent to do so, when it misrepresented that it and was affiliated with the federal government, and when it engaged in other harassing or abusive conduct.

## COUNT VII
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

36.     Section 1692g(a) of the FDCPA requires debt collectors (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -- (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37.     Defendant violated § 1692g(a) of the FDCPA, when it failed to send anything in writing to Plaintiff as required to do under the FDCPA.

WHEREFORE, Plaintiff, KENT G. STANNARD, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KENT G. STANNARD demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 05/19/14                    KIMMEL & SILVERMAN, P.C..

                                      By: /s/ Craig Thor Kimmel
                                           Craig Thor Kimmel
                                           Attorney for Plaintiff
                                           30 E. Butler Pike
                                           Ambler, PA 19002
                                           Phone: (215) 540-8888
                                           Fax: (877) 788-2864
                                           Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT